

# Fourth Court of Appeals
## San Antonio, Texas

October 28, 2020

No. 04-20-00419-CR

Mindy Star **ALFARO** a.k.a. Mindy Star Lynch,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR8159
The Honorable Jennifer Pena, Judge Presiding

# O R D E R

On February 21, 2019, Mindy Star Alfaro a.k.a. Mindy Star Lynch pled nolo contendere to possession of a controlled substance and was placed on deferred adjudication community supervision for three years. On August 26, 2019, the State filed an amended motion to adjudicate Alfaro's guilt. On July 22, 2020, the trial court revoked Alfaro's deferred adjudication community supervision, found her guilty of possession of controlled substance, and sentenced her to six months in prison. The same day, the trial court signed a certification of defendant's right to appeal stating Alfaro had "waived the right to appeal." *See* TEX. R. APP. P. 25.2(a)(2) (requiring the trial court to enter a certification of the defendant's right to appeal each time it enters a judgment of guilt or other appealable order). Thereafter, Alfaro timely filed a notice of appeal.

We are obligated to review the record to determine if a trial court's certification is defective. *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is defective if it proves to be inaccurate when compared with the record. *Id*. at 614. Here, nothing in the clerk's record shows that Alfaro waived her right to appeal the revocation proceeding. Furthermore, in *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006), the Texas Court of Criminal Appeals held that even when a defendant originally enters into a plea-bargain agreement for deferred adjudication, when the defendant appeals from a revocation proceeding, Texas Rule of Appellate Procedure 25.2 will not restrict her right to appeal. *Id*. "Under this circumstance, the trial judge must check the box on the certification form indicating that the case 'is not a plea-bargain case, and the defendant has the right to appeal.'" *Id*.

Appellant's counsel has already filed an *Anders* brief and a motion to withdraw in this appeal. After an appellant's brief has been filed, the trial court may amend a certification only when we grant it leave to do so and under the terms we prescribe. *See* TEX. R. APP. P. 25.2(f). Accordingly, we ORDER the trial court to complete an amended certification designating this case as "not a plea-bargain case" on or before **November 9, 2020**. We also ORDER the trial court clerk to file a supplemental clerk's record containing the trial court's amended certification on or before **November 16, 2020**.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of October, 2020.

_____
Michael A. Cruz,
Clerk of Court